CLIFFORD PORTER, a Minor, by JOHN L. PORTER, his father, Appellee, v. LOREN DECKER, Appellant.

No. 43534.

JANUARY 12, 1937.

Alan Loth, for appellant.

Maurice Breen and Thomas M. Healy, for appellee.

DONEGAN, J.—It appears without dispute in the evidence in this case that, on or about the 22nd day of September, 1933, the defendant, who was then in the trucking business, made a trip from his home in Fort Dodge to the city of Omaha, Nebraska, for the purpose of hauling some empty beer kegs and cases there and obtaining a load of filled kegs and cases which he brought back to Fort Dodge on the following day. He was accompanied by the plaintiff and, on the return trip on September 23, 1933, a collision occurred between the defendant's truck and an automobile and the plaintiff sustained injuries. The plaintiff brought action for the damages alleged to have been sustained by him as a result of such injuries, basing his claim upon the alleged negligence of the defendant. Upon the trial of the case the defendant moved the court for a directed verdict in his favor and this motion was overruled. He also asked for various instructions, which were refused. A verdict was rendered in favor of the plaintiff and judgment entered thereon. A motion for new trial and exceptions to instructions were filed by the defendant, which were also overruled. From the judgment and rulings of the court, the defendant appeals.

This case was not brought by the plaintiff on the theory that he was riding in the defendant's truck as a guest or by invitation and not for hire, under the provisions of section 5026-b1 of the Code of 1931. Under that statute, if plaintiff was riding in defendant's truck as a mere guest or by invitation and not for hire, before he could recover, it would be necessary for him to allege and to prove that his damage was caused as a result of defendant being under the influence of intoxicating liquor or because of defendant's reckless operation of his truck. The plaintiff in this case, however, alleged in his petition that he was a passenger in the motor vehicle owned and operated by the de-

fendant; that, at the instance and request of the defendant, he left his home in Fort Dodge and accompanied the defendant upon the trip to Omaha and return; and that, by an oral agreement with the defendant, he was to accompany him on said trip as a companion, relief driver, and to assist him in the loading and unloading of defendant's truck. No question is presented in this appeal in regard to the negligence of the defendant, the contributory negligence of the plaintiff, the proximate cause of the accident and injuries, or the extent of the injuries and amount of damages sustained by plaintiff. The questions here presented go only to the sufficiency of the evidence to show that the plaintiff was riding in defendant's truck in any capacity other than as a guest or by invitation and not for hire.

■■■ The appellant's first contention is that the court erred in overruling a motion for a directed verdict in his favor, because, he claims the evidence was not sufficient to show that the plaintiff was other than a passenger who was riding in defendant's truck as a guest and not for hire. There was evidence, however, tending to show that, in the evening of the day on which the defendant left Fort Dodge to go to Omaha with his truck, he called at the plaintiff's home to see him but was unable to do so, because the plaintiff was absent at a football game, and that at the time he told plaintiff's mother he wanted plaintiff to go with him to Omaha; that, upon being told by plaintiff's mother that plaintiff was at a football game, the defendant drove past the football grounds in an effort to see plaintiff; that he again went to plaintiff's home, after the plaintiff had returned from the football game and gone to bed; that at that time he told the plaintiff he wanted plaintiff to go along with him (defendant) to Omaha to help him; that the plaintiff had been with defendant on prior trips, on which he had assisted defendant in unloading and loading his truck, and knew what such help meant; that the plaintiff did go along with defendant on the trip to Omaha, helped him to unload his truck at a brewery there, helped him to load it with filled kegs and cases, and accompanied him on his return trip to Fort Dodge; and that it was while on this return trip that the accident occurred out of which the plaintiff's injuries resulted. There was also, it is true, evidence on the part of the defendant tending to show that no work or services were contemplated, or were performed by the plaintiff upon this trip, and that, if the plaintiff rendered any help at all to the defend-

ant, it was rendered merely as a matter of courtesy, without any agreement to do any work or expectation of compensation on the part of the plaintiff, and without any intention on the part of the defendant to employ or require the performance of any services by the plaintiff. We think the most that can be said for the evidence is that it presents a conflict, and, this being true, there was, of course, a question for the jury. We find no error in the action of the trial court overruling the appellant's motion for a directed verdict.

██ Several other errors are alleged by the appellant, because of rulings of the court refusing to submit instructions requested by appellant, and because of instructions which were given by the court and excepted to by appellant. Most of the appellant's objections, however, go to instruction No. 5 given by the court and are based upon the ground that the court erred in this instruction in submitting to the jury matters as to which there was no evidence presented upon the trial of the case. In its instruction No. 5 the court told the jury in part as follows:

"If, in this case, you find as claimed by defendant, that plaintiff was accompanying defendant on the trip in question for his (plaintiff's) own accommodation, benefit, pleasure or convenience, then plaintiff was a guest at the time, and is not entitled to recover. If, however, as claimed by plaintiff, he was accompanying the defendant under an oral agreement with defendant, (first) to assist defendant in the performance of some duty or duties of defendant, or (second) for the definite benefit or advantage of the defendant, or (third) for the mutual definite and tangible benefit of the defendant on the one hand and plaintiff on the other,—then plaintiff was not a guest and is entitled to recover; provided he has proved the other necessary elements in his case * * *."

We do not understand that either appellant or appellee questioned the correctness of the legal rule laid down in this instruction. In fact, this rule is very definitely stated, and a long list of authorities cited sustaining it, in the case of Knutson v. Lurie, 217 Iowa 192, loc. cit. 195, 251 N. W. 147, 149, wherein it is said:

"One may be a passenger in an automobile without being a guest, a mere passenger by invitation, or a passenger for hire in

the legal sense of the word. There are, in fact, a multitude of persons riding in cars daily who are not guests, passengers by mere invitation, or passengers for hire within the legal meaning of that term. A person riding in an automobile may be there because of the relationship of master and servant existing between him and the owner. In other instances, the rider in an automobile may be there (without the relationship of master and servant) for the definite and tangible benefit of the owner or operator; or such person may be in the automobile (without the relationship of master and servant) for the mutual, definite, and tangible benefit of the owner or operator on the one hand, and of himself on the other.''

It is the contention of the appellant that, even if there were evidence under which the court could have submitted to the jury the question of an oral agreement under which the plaintiff was to accompany the defendant for the purpose of assisting him in performing some of his duties, there was no evidence presented in the trial of the case from which the jury could have found that the plaintiff accompanied the defendant for the second or third purposes referred to in the instruction; that is, there was no evidence that the plaintiff accompanied the defendant for the definite benefit and advantage of the defendant, or for the mutual, definite and tangible benefit of the defendant on the one hand, and the plaintiff on the other.

It seems apparent from this instruction that three separate and distinct relations may exist between the owner or operator of a motor vehicle and a person riding in such motor vehicle, any one of which would take the passenger out of the status of a mere guest or passenger by invitation and not for hire. We think the rule stated in the instruction clearly implies, and that the jury must have understood therefrom, that the plaintiff would not be a mere guest or passenger by invitation and not for hire, (first) if he accompanied the defendant under an oral agreement to assist the defendant in the performance of some of his duties, or (second) if he accompanied the defendant for the definite benefit or advantage of the defendant, or (third) if he accompanied the defendant for the mutual, definite and tangible benefit of the defendant on the one hand, and the plaintiff on the other. We also think it clear from this instruction that the facts which would create the first condition, under which the

plaintiff would have accompanied the defendant to assist defendant in the performance of some duty or duties of the defendant, would not alone and of themselves establish either the second condition, under which the plaintiff would accompany the defendant for the definite benefit or advantage of the defendant, or the third condition, under which the plaintiff would accompany the defendant for the mutual, definite and tangible benefit of the defendant on the one hand, and the plaintiff on the other. The jury would understand from this instruction that the second and third conditions therein set out had reference to something other than the question of an oral agreement as to services to be performed by the plaintiff for the defendant. Appellee has not pointed out, and we have been unable to discover, any evidence as to matters which might properly be considered as tending to establish that the plaintiff accompanied the defendant either "(second) for the definite benefit or advantage of the defendant, or (third) for the mutual definite and tangible benefit of the defendant on the one hand and plaintiff on the other." It seems elementary that only such matters can be submitted to a jury as are contained in the pleadings and as to which evidence has been presented upon the trial of the case, and we are unable to see why the portion of the instruction concerning which complaint is here made did not contain a violation of this simple rule. It will not do to say that such an instruction was without prejudice, because it easily may have confused the jury and caused them to speculate as to the matters which the court might have intended to refer to. In giving the portion of the instruction concerning which complaint is here made, we think the court was guilty of reversible error. Ritter v. City of Fort Madison, 212 Iowa 564, 234 N. W. 814, and cases therein cited.

■■■ Appellant complains also of the court's refusal to give an instruction requested by him telling the jury that, "Under the issues and evidence, plaintiff was either an employe of defendant or a guest in his truck. Before you may find a verdict for him, you must find from the preponderance of the evidence that Clifford Porter was an employe and not a guest, as the word 'employe' is defined in others of these instructions." He also complains of the court's refusal to submit the following special interrogatory: "Was Clifford Porter an employe of defendant at the time of the injury for which he sues?" No question is raised as to the requested instruction and special interrogatory

having been submitted on time or as to proper exception having been saved to the court's refusal to submit them. If there had been any relation existing between the appellant and appellee, at the time of the accident, under which the appellee would be entitled to damages because of the appellant's negligence, other than that based upon an oral contract under which the appellee was to help the appellant, the court would not have been in error in refusing the instruction requested. If, however, as we believe the record discloses, there was no evidence as to any other relation existing between the appellant and appellee at the time of the accident except that based on the alleged oral contract by which appellee was to perform services for appellant, we think the court should have given the instruction requested or its equivalent.

■■ As to the refusal of the court to submit the interrogatory requested by appellant, we are unable to see on what theory the submission of such interrogatory was refused. Section 11513, Code of 1931, provides that the jury "may be required by the court, and must be so required on the request of any party to the action, to find specially upon any particular questions of fact, to be stated to it in writing." It does not appear upon what ground the court refused to submit the special interrogatory in this case, and we would hesitate to reverse the case for this reason alone. However, it appears to us that the interrogatory propounded, while it called for an answer which may have been somewhat in the nature of a conclusion, was no more vulnerable to this objection than many special interrogatories which have been held to be proper.

Other alleged errors have been argued quite fully but, as we believe that they are governed largely by the matters already considered and, as they probably will not recur upon a retrial of the case, we feel it unnecessary to devote further discussion to them.

For the reasons given, the rulings and judgment of the trial court, from which the appeal is taken, are hereby reversed. —Reversed.

RICHARDS, C. J., and KINTZINGER, PARSONS, HAMILTON, and STIGER, JJ., concur.