BAINTER F. AMERINE, APPELLANT, V. MATHEW O'NEAL, APPELLEE.

287 N. W. 56

FILED JULY 11, 1939.   No. 30632.

*Stewart, Stewart & Whitworth* and *Charles B. Paine,* for appellant.

*Chambers, Holland & Locke, contra.*

Heard before SIMMONS, C. J., ROSE, EBERLY, CARTER, MESSMORE and JOHNSEN, JJ.

JOHNSEN, J.

This is an action for damages under the automobile guest statute.   At the close of plaintiff's evidence, the trial court discharged the jury and dismissed the action, on the ground that there was no proof of gross negligence.   Plaintiff has appealed.

The accident occurred on the evening of December 24, 1937, west of Forty-Eighth street, on Highway 77, north of the city of Lincoln.   Plaintiff and defendant were returning from work at the Burlington roundhouse in West Lincoln to their homes in Havelock.   Plaintiff had not driven his car to work because some sleet had fallen the night before.   Defendant offered to give him a ride home.   Part

of the ice had been worn off by traffic during the day, but the pavement, as described by plaintiff, was still icy and slippery in spots. Defendant drove without chains, but, other than possibly to slide a little now and then, his car had not skidded up to the time of the accident. In fact, there is no complaint in the briefs about defendant's driving, until the moment preceding the collision.

As defendant was approaching Forty-Eighth street, about 20-25 miles an hour, another car, traveling 40 miles an hour in the opposite direction, swung onto defendant's side of the pavement, in an effort to pass traffic. To avoid a head-on collision, defendant turned his car quickly to the right, off the pavement and onto the dirt shoulder. After traveling about 100 feet, he attempted to swing it back. The pavement was approximately three inches higher than the shoulder of the highway. The left rear wheel caught in some manner on the edge of the pavement, causing the car to swing sideways and to skid in front of an automobile approaching from the opposite direction. A collision resulted. The evidence shows that the highway shoulder was approximately 10 feet wide, and that it would have been possible for defendant to have proceeded on it, without turning back onto the pavement, for a distance of approximately 200 yards.

The argument in plaintiff's brief, summarized, is that, while under ordinary conditions it might not constitute gross negligence for defendant to turn his car from the shoulder of the road onto the pavement at the place where the accident occurred and at the speed that he was traveling, yet a jury might properly find that it was gross negligence to do so when the pavement was icy and a car was approaching from the opposite direction.

Gross negligence, under our guest statute, has repeatedly been defined as negligence in a very high degree or the absence of even slight care under the circumstances. We can see nothing in defendant's attempt to return to the pavement that would justify an inference of gross negligence under this definition. Except that he was without chains,

his driving up to that moment was admittedly beyond reproach. His speed had not been excessive. His preceding caution and regard for his guest's safety are evidenced by his efforts to avert a collision, in swinging onto the shoulder of the highway. The consequence of his attempt to return to the pavement was unusual. His failure to anticipate, even with his knowledge of the conditions, that the wheel of his automobile might catch on the edge of the pavement, and that the car might thereby be caused to skid into a position of peril, cannot be said to have been such indifference to safety as amounted to a higher degree of negligence than want of ordinary care. Whether defendant was guilty of ordinary negligence, we are, of course, not called upon to determine.

The trial court properly dismissed plaintiff's action.

AFFIRMED.