MURIEL SHARP, FORMERLY MURIEL LEHTO, A MINOR, BY
KUSTAU LEHTO, HER FATHER AND NATURAL
GUARDIAN, v. EUGENE JOHNSON
AND ANOTHER.

*80 N. W. (2d) 650.*

January 25, 1957—No. 36,706.

*Rosengren, Rufer & Blatti,* for appellants.
*Ryan, Ryan & Ebert,* for respondent.

Thomas Gallagher, Judge.

This is an action by Muriel Sharp, formerly Muriel Lehto, for injuries sustained while she was a guest passenger in an automobile owned by defendant Walter Johnson and driven by his son, defendant Eugene Johnson. She will be referred to herein as plaintiff, and Eugene Johnson as defendant. The accident occurred about noon November 25, 1952, on Trunk Highway No. 77 near the village of Wahoo in the State of Nebraska. Issues of negligence, contributory negligence, and assumption of risk are governed by Nebraska law.

The accident happened on a trip from Lincoln, Nebraska, to Minnesota, where most of the parties resided. Defendant was driving and was accompanied by plaintiff and three other passengers. Shortly before the trip commenced, snow began to fall, and when the party was approximately 30 miles from Lincoln, moisture began to freeze on the highway. As the car passed over the crest of a hill, a sharp gust of wind struck it, causing it to slide to the left shoulder, where, after traveling some 100 yards, it struck a guardpost and turned over into the ditch. For injuries resulting to plaintiff, the jury returned a verdict in her favor against both of the Johnsons for $8,000. This is an appeal from an order denying defendant's motion for judgment notwithstanding the verdict or for a new trial.

At the time of the accident there were in force and effect in Nebraska the following statutes (Rev. Stat. of Nebraska 1943):

§ 39-740. "The owner or operator of a motor vehicle shall not be liable for any damages to any passenger or person riding in such motor vehicle as a guest or by invitation * * * unless such damage is caused * * * because of the *gross negligence* of the owner or operator in the operation of such motor vehicle." (Italics supplied.)

§ 25-1151. "In all actions brought to recover damages for injuries to a person or to his property caused by the negligence of another,

the fact that the plaintiff may have been guilty of contributory negligence shall not bar a recovery when the contributory negligence of the plaintiff was slight and the negligence of the defendant was gross in comparison, but the contributory negligence of the plaintiff shall be considered by the jury in the mitigation of damages in proportion to the amount of contributory negligence attributable to the plaintiff; * * *."

The comparative negligence rule embodied in § 25-1151 has been held applicable to a guest passenger under § 39-740 of the Nebraska statutes.[1]

It is plaintiff's contention that the actions of defendant in starting out and continuing on this trip with the knowledge that he was driving into a snowstorm of increasing severity under hazardous highway conditions constituted such a deliberate indifference to danger as to adequately support a finding of gross negligence under § 39-740 of the Nebraska statutes.

Defendant contends (1) that the evidence is insufficient to support a finding of gross negligence under § 39-740 of the Nebraska statutes; (2) that plaintiff's actions in starting and continuing on the trip with the same knowledge as to conditions as was possessed by defendant established as a matter of law her assumption of the risk undertaken by defendant and her negligence therein of the same degree as that with which she charges defendant and bars her recovery under § 25-1151 of the Nebraska statutes; (3) that the trial court erred in its charge on contributory or comparative negligence as embodied in § 25-1151 of the Nebraska statutes; and (4) that the trial court erred in receiving in evidence a letter written to plaintiff by defendant Walter Johnson without first deleting therefrom certain references to an insurance policy on the car involved.

The trial court's instructions on the issues of negligence included the following:

"Gross negligence means great or excessive negligence; that is,

---

[1]See, Landrum v. Roddy, 143 Neb. 934, 12 N. W. (2d) 82, 149 A. L. R. 1041.

negligence in a very high degree, or the absence of even slight care in the performance of a duty.

\* \* \* \* \*

"If you find, considering the conditions of the highway, and all other conditions then existing, that defendant Eugene Johnson was guilty of gross negligence, then you should find that he was guilty of gross negligence.

\* \* \* \* \*

"* * * If you should find from the evidence that one of the causes of the accident was the election of Eugene Johnson to continue to drive as he did under the circumstances then existing, and if you should find that the plaintiff knew, or in the exercise of ordinary care should have known all of said circumstances and methods of driving and then also elected to continue to ride in the car with knowledge of the danger and hazard incident thereto, then plaintiff would be guilty of contributory negligence.

\* \* \* \* \*

"* * * such contributory negligence shall not necessarily bar recovery, but such facts shall be considered by you in mitigation of damages in proportion to the amount of contributory negligence attributable to the plaintiff."

The facts and circumstances surrounding the accident are as follows: On November 25, 1952, at about 9:30 a. m., defendant, driving a 1940 Chevrolet sedan automobile and accompanied by plaintiff, Rose Johnson, Laura Trana, and Norma Miller, all of whom, except Rose Johnson, were fellow students of defendant at Union College in Lincoln, started out on a trip to Minnesota for the Thanksgiving holidays. Plaintiff was then of the age of 18 years and a sophomore. Defendant was 19 and a junior. Both had driven cars, the extent of their experience therein not being shown. The group had planned to leave Lincoln at noon on November 25th, but because of reports on bad weather conditions decided instead to advance their starting time to 9:30 that morning.

During the previous night and in the early hours of November 25th, snow had fallen in the Lincoln area to a depth of approximately four

inches and a slight wind was blowing. Plaintiff testified that at about 7 a. m. that morning her dean of women advised her that "the weather report was very bad and that we should not start out unless we were very sure of ourselves." At 8:10 that morning plaintiff called the local weather bureau at Lincoln and was informed by it that if the group left as soon as possible they "could probably drive ahead of the storm and keep ahead of it."

She testified further that she gave this information to defendant before they commenced the trip; that it was not snowing "too hard" when they started out; that there was snow and slush on the highways and streets in Lincoln; that all in the group "wanted to go home, and because we had made arrangements to go along we all went. None of us would back out on the arrangements made"; that as the car continued north the weather got worse, the wind blowing harder, with snow drifting or blowing across the highway; that they could see "just so far"; that neither she nor anyone else in the party at any time suggested stopping or turning back; that defendant was not driving fast; that it took approximately two hours to travel the first 45 miles; that just after they had gone over the crest of a hill and started downgrade the wind suddenly struck from their right so that the car started to skid or slide to the left; that it happened so fast there wasn't much anyone could do when the car started to slide; that there was not much Eugene could do to avoid it; that the car continued to slide to the left; and that finally its front end struck a post which caused it to go into the deep ditch and turn over.

Defendant testified that on the morning of November 25th he had not heard any storm warnings but knew "there were bad weather conditions"; that a blizzard was coming from the south, but that he had also heard that if the group started soon enough they could keep ahead of it; that plaintiff had told him then that she had called the weather bureau and had been advised by it that if the party "were to leave early * * * that we would more than likely run out of it [the storm], and we were supposed to get ahead of the storm that was proceeding north"; that as they left Lincoln it was snow-

ing lightly and that the streets were slushy; that the wind was not blowing very hard; that as they proceeded north it continued to snow but wasn't "blizzarding"; that they could see ahead of the car for a considerable distance; that there was other traffic on the highway; that the wind was not strong—"just blowing"—and that they could feel a gust once in a while; that until he came to the crest of the hill just before the accident there was never enough wind to bother the operation of the car; that traffic continued to come from the north; that just as the car went beyond the crest of the hill he felt a gust of wind strike it from the right or east so that it began to bear to the left; that it continued to skid as he endeavored to control it by turning to the right and applying the brakes slightly but that it continued to skid to the left off the highway until it hit the guardpost and turned over; that prior to the accident he was traveling "About 30 or maybe less" and was on the right-hand side of the road. Testimony of the other passengers in the car was substantially corroborative of the foregoing.

■ Under § 39-740 of the Nebraska statutes, to recover plaintiff must establish by a fair preponderance of the evidence defendant's gross negligence; and, under § 25-1151 thereof, that she was free from negligence or at the most that any negligence on her part was slight in comparison to that of defendant.

■ The Nebraska Supreme Court has defined gross negligence as the absence of even a slight degree of care in the performance of a duty. Rice v. Neisius, 160 Neb. 617, 71 N. W. (2d) 116; Morris v. Erskine, 124 Neb. 754, 248 N. W. 96. It has held that conscious indifference to the consequences of an undertaking which is known or should have been known to a defendant to be dangerous is a factor for consideration in determining whether such a defendant has been guilty of gross negligence, Mierendorf v. Saalfeld, 138 Neb. 876, 295 N. W. 901; Larson v. Storm, 137 Neb. 420, 289 N. W. 792, although we have discovered no Nebraska decisions which hold that this indifference alone would support such a finding.

■ Plaintiff asserts that defendant's actions in commencing and continuing on the trip described, under the weather and highway

conditions then present, established his conscious indifference to the probable consequences thereof sufficient to support a finding of his gross negligence. There is little dispute as to the facts or circumstances surrounding the trip. Resolving all the evidence in plaintiff's favor, it would still appear that such evidence falls substantially short of sustaining the finding of defendant's gross negligence. It establishes that defendant left Lincoln under weather conditions of not too great severity with the assurance of the local weather bureau relayed to defendant by plaintiff that by leaving early the party might keep ahead of a storm reported to be moving from the south. No great difficulty was experienced prior to the accident, and neither plaintiff nor any of the other passengers suggested that the trip be discontinued or delayed. Other cars were using the same highway, moving toward the storm, and passing defendant without difficulty. Visibility was not bad, and the conditions met by defendant were not different from those met on an average winter day when a light snow is falling and the temperature is dropping. If driving thereunder can constitute gross negligence, there would be few days on which a Minnesota driver undertaking a trip under average winter conditions would not do so at the risk of being charged with gross negligence.

Further, it is undisputed here that the sudden gust of wind which struck defendant's car as it started downgrade on the highway was the immediate cause of the accident. Prior to that moment, the wind had not created any problems for defendant. Considering all such evidence, we cannot escape the conclusion that there was nothing in defendant's conduct which might be regarded as such conscious indifference to the consequences of the trip as to constitute gross negligence. Under evidence far less favorable, the Nebraska Supreme Court has on numerous occasions directed verdicts favorable to defendants on the issue of gross negligence. Ottersberg v. Holz, 159 Neb. 239, 66 N. W. (2d) 571; Fairman v. Cook, 142 Neb. 893, 8 N. W. (2d) 315; Amerine v. O'Neal, 136 Neb. 642, 287 N. W. 56.

■ Further, we cannot escape the logic of defendant's assertion that whatever negligence may be charged to defendant in under-

taking the trip must be charged to plaintiff in the same degree; and that in addition whatever risks were involved therein were voluntarily assumed by plaintiff with full knowledge of all attendant facts and circumstances. Plaintiff was possessed of more accurate information as to weather conditions than was defendant. She had received first-hand reports with reference thereto from the weather bureau at Lincoln, as well as from other sources. It was she who had advised defendant that the bureau had reported that, if the party were to leave early, it could probably keep ahead of the storm. She, as well as the other passengers, was anxious to return to Minnesota for the holidays and none of them at any time suggested a postponement or discontinuance of the trip. As far as the record indicates, she was as experienced in driving as was defendant. There was but one year's difference in their respective ages and in their collegiate education. It is clear that whatever risks were undertaken by defendant in making this trip were willingly assumed by plaintiff with knowledge as to weather and highway conditions, equal to, if not greater than, his. It would follow that whatever negligence is chargeable to defendant in undertaking the trip is also chargeable to her in the same degree. Her negligence being equal to defendant's would constitute an effective bar to her recovery under § 25-1151 of the Nebraska statutes. Chew v. Coffin, 144 Neb. 170, 12 N. W. (2d) 839; Whittaker v. Hanifin, 138 Neb. 18, 291 N. W. 723; Mundt v. Chicago, R. I. & P. R. Co. 136 Neb. 478, 286 N. W. 691; McDonald v. Omaha & C. B. St. Ry. Co. 128 Neb. 17, 257 N. W. 489.

Determination of these issues as above specified makes it unnecessary to decide other questions raised on the appeal herein.

Reversed.

CHIEF JUDGE DELL took no part in the consideration or decision of this case.