WILLIAMS, an Infant, etc., Plaintiff-Appellant v. HUSTED, Defendant-Appellee.

WILLIAMS, Plaintiff-Appellant v. HUSTED, Defendant-Appellee.

Ohio Appeals, Second District, Darke County.

Nos. 605 & 606.   Decided May 31, 1943.

Williams, Fitton & Pierce, Hamilton, for plaintiff-appellant.
Maher & Marchal, Greenville, for defendant-appellee.

**OPINION**

By GEIGER, J.

The two cases arose from the same accident, and are considered together.  The briefs of the parties treat of both cases.  The pleadings are identical with the exception of the prayer of the petition.  We will set forth the allegations of the amended petition in cause No. 605.

It is stated that the plaintiff is an infant and brings the action by her father, her next friend. It is alleged that on August 21, 1938, the defendant, Nora Husted, authorized and permitted her granddaughter, Barbara Brown, a girl then less than fourteen years of age and who was then physically impaired as a result of infantile paralysis, to have charge of and drive a Buick automobile owned by said Nora Husted.

It is alleged that said minor granddaughter, Barbara Brown, because of her youth, inexperience and impaired physical condition and lack of sound judgment, discretion and skill was incompetent to drive and operate an automobile, all of which defendant well knew.

It is alleged that on said day about one o'clock, P. M. said Barbara Brown invited the plaintiff, Louane Miller, to ride with her to a swimming pool located in the city of Greenville, in company with two other young girls. Plaintiff accepted such invitation and became a passenger in the automobile so driven by the defendant's granddaughter. Upon reaching the swimming pool, said Barbara, instead of stopping there, continued to drive the automobile to the village of Versailles, and shortly after arriving at said village, started back therefrom toward the city of Greenville, traveling on both trips on the public highway known as the "Old Versailles Pike." During the drive from the swimming pool to Versailles and upon the return trip to the place where the accident occurred, said Barbara Brown operated defendant's automobile at a high, excessive and dangerous rate of speed, ranging from seventy to ninety miles per hour. During said operation of said automobile, the plaintiff, together with Mary Rahn, another passenger in the vehicle, protested and remonstrated with Barbara against the excessive speed and inattentive driving. Upon the return from the village of Versailles, said Barbara, at a time when she was driving said automobile at a speed of approximately ninety miles per hour, came to a point on said road where an iron bridge was located, about one-half mile north of the village of Stelvideo, Darke county, and she caused said automobile to strike the side of said bridge with such force that the automobile was wrecked and two of its occupants were fatally injured; that the other suffered serious injuries; that Barbara Brown and Mary B. Rahn, another passenger, met their death as a result of said accident; that plaintiff, as a direct and proximate result of said accident, received serious personal injuries which are described in the petition. Some of her injuries were temporary and others permanent. She suffered great pain and shock as the direct result of the incompetence, lack of skill, inexperience and gross negligence and recklessness of Barbara Brown.

It is alleged that all of the injuries received by the plaintiff were caused directly and proximately by the negligence of the defendant in permitting and authorizing her said granddaughter to drive defendant's automobile when she knew that said granddaughter was

incompetent through youth, lack of skill and experience, and physical disability, to operate and have charge of an automobile. Plaintiff asks judgment in the sum of Five Thousand ($5,000.00) Dollars.

The petition of Fred C. Williams is identical with the exception that he asks damages in the sum of Five Hundred ($500.00) Dollars for medical expenses in the treatment of his daughter and in the loss of her services.

The defendant, Nora Husted, demurs to the amended petition of the plaintiff on the ground that it appears upon the face of said amended petition that the facts stated do not constitute a cause of action against the defendant. The defendant bases her demurrer upon the provisions of §6308-6 GC. We quote this section in full:

"Sec. 6308-6. (Liability of owners and operators of motor vehicles to guests; exception.) The owner, operator or person responsible for the operation of a motor vehicle shall not be liable for loss or damage arising from injuries to or death of a guest while being transported without payment therefor in or upon said motor vehicle, resulting from the operation thereof, unless such injuries or death are caused by the wilful or wanton misconduct of such operator, owner or person responsible for the operation of said motor vehicle."

The defendant also relies upon the case of **Dorn, Admr., etc. v. Village of North Olmsted, 133 Oh St 375,** and upon the fourth paragraph of the syllabus, which is as follows:

"Within the meaning of §6308-6 GC, a guest is one who is invited, either directly or by implication, to enjoy the hospitality of the driver of a motor vehicle, who accepts such hospitality and takes a ride either for his own pleasure or on his business without making any return to or conferring any benefit upon the driver of the motor vehicle other than the mere pleasure of his company."

She also relies upon the case of **Vecchio v. Vecchio, 131 Oh St 59,** in which the 'guest' statute is interpreted, and where it is held in an action for damages for personal injury instituted by a guest against the operator of a motor vehicle, such guest must plead facts that reveal on their face the elment of wilfulness or wantonness, or else such pleading is demurrable. The case of **Universal Concrete Pipe Co. v. Bassett, 130 Oh St 567,** was there approved and followed It is held in the Vecchio case that the guest must plead unequivocally that the operator of the motor vehicle had knowledge of the existing conditions, otherwise no liability is fixed. See the second paragraph of the syllabus of the Bassett case defining "wanton misconduct".

The case at bar involves the one important principle—What is the liability of the defendant for putting an incompetent child in possession of an automobile, knowing her to be incompetent and from whose negligence and inexperience the accident arises?

The liability of the defendant in this case for the operation by her granddaughter of the automobile resulting in the injury to the plaintiff is based largely upon the principles enunciated in the case of **Elliott v. Harding, 107 Oh St 501.** It is there held:

First: "While an automobile is not a dangerous instrument 'per se', it may become such if operated by one who is unskilled in its use; and, where the owner intrusts such machine to an inexperienced of incompetent person, liability for the damages may arise."

Third: "In such case, the liability of the owner did not rest upon ownership or agency, but upon the combined negligence of the owner and driver; the negligence of the father in intrusting the machine to an incompetent driver and the negligence of the son in its operation."

In the Harding case Chief Justice Marshall, at page 507, states:

"The pleadings and the proof in this case must be measured not by the rule of the doctrine of respondeat superior, but by the rule of liability for negligence in intrusting the machine to a person alleged to be so young, unskillful, and inexperienced as to render him incompetent to operate it, and upon the further theory that such alleged incompetence of the son was coupled with alleged negligence, resulting in damage to a third person."

See also the case of **Clark v. Stewart, 126 Oh St 263,** tenth paragraph, as follows:

"10. The allegation in the petition, to the effect that defendant entrusted the operation of his car to his son, knowing him to be an incompetent driver, standing alone, is not a ground for recovery. The function of such statement is to describe a relationship or condition creating liability in the event negligence in all or some of the respects claimed is proven by the requisite degree of proof, and a general charge of the court, treating such statement as a ground for recovery, without any amplification whatever, constitutes error in the definition of the issues."

Also the statement in the opinion of Judge Stephenson, at page 276.

Counsel do not raise any question as to the liability of the defendant under the authority of the Harding decision, and under

the demurrer admit the allegations of the plaintiff as to the incompetency, inexperience and physical defects of the child driving the car. Counsel relies wholly upon the provision of the 'guest' statute.

It was the opinion of the court below that by reason of the provisions of the 'guest' statute, the petition fails to state a cause of action and demurrers were sustained. The plaintiff, not desiring to plead further, final judgment was rendered in favor of the defendant, and notice of appeal given to this court.

We are of the opinion that counsel for appellant is correct in his statement:

"The liability of the defendant does not arise either by virtue of her ownership of the machine or by virtue of any relationship of principal and agent between herself and the incompetent driver. Her liability rests upon her having converted an automobile into a dangerous instrumentality by knowingly placing it in the custody and control of a person unfit to operate the same."

Appellant further states,

"These actions are not based upon either ownership, operation, or responsibility for operation, but upon the wrongful commitment of an automobifle to an incompetent driver with knowledge of the incompetence, whereby said automobile became a dangerous instrumentality."

The court below briefly announces two propositions which he regarded as controlling. He stated as to the questions to be determined:

"Is the owner of an automobile who negligently permits an incompetent driver to use his automobile, liable for the injury sustained by a guest of the driver, due to the negligent operation of the driver?"

The court states the answer to this question must be in the negative. We are not content with this view.

The court further states that it is his opinion that the rule announced in **Elliot v. Harding, 107 Oh St 501,** does not apply to the case at bar for the reason that the plaintiff in that case was not the guest of the driver. The Harding case holds that the liability of the owner did not rest upon the ownership or agency, but upon the combined negligence of the owner and the driver. It will be observed that at the time of the acident involved in the Harding case, the car was not being driven by the incompetent son. After the young people had made their preliminary drive to the Elliot

home, and the baggage of the guest had been left there, Miss Phillips took the driver's place. Young Elliot, the person to whom the car had been entrusted, standing on the left running board. After they had started toward Middleton and after they had proceeded some distance, Miss Phillips still driving, the collision occurred. That fact may not be pertinent to the case at bar, except insofar as it indicates that the liability of the father is not confined to the negligence of the son, the incompetent driver, but to the negligence of one that the son selected as the driver of the automobile, who had no connection whatever with the father, the owner of the automobile, other than through the act of the son.

The trial court further states that it is of the opinion that by reason of the provisions of the guest statute, the parties fail to state a cause of action, and the demurrers are therefore sustained.

Aside from the question of the guest statute, we must determine whether or not the grandmother is responsible for the negligence of the granddaughter. It is our opinion that the guest statute has no aplication to the facts as pleaded for the reason that the plaintiff was not the guest of the defendant.

Viewing the matter as we do, we are of the opinion that the case at bar should not have been decided in favor of the defendant on demurrer, but that the defendant should have been permitted to answer, and that the issues as made, should have been submitted to a jury under proper instructions. We are of the opinion that the court erred in sustaining the demurrers. Decision of the court below reversed. Cause remanded for further proceedings.

BARNES, P. J., and HORNBECK, J., concur.

## ON APPLICATION FOR REHEARING

Nos. 605 & 606. Decided June 29, 1943.

Williams, Fitton & Pierce, Hamilton, for plaintiff-appellant.
Maher & Marchal, Greenville, for defendant-appellee.

BY THE COURT:

This matter now comes on for hearing on the motion of the defendant-appellee for rehearing in both Nos. 605 and 606 for the reasons:

(1) Because the findings of the court are contrary to law.

(2) Because the court erred in deciding that the guest statute, §6308-6 GC, did not apply to these cases.

In support of the motion the defendant submits that the court erred in deciding that the guest statute did not apply and asserts that the facts as plead in the amended petition clearly disclose that

Louane Williams was the guest of the driver of the defendant's automobile and the guest statute does not provide that its application shall only be applied as asserted in appellant's brief. Attention is called to the case of **Snyder v. Milligan, 52 Oh Ap 185,** and also to the case of **Beer v. Beer, 52 Oh Ap 276,** and the case of **Dorn v. North Olmsted, 131 Oh St 385,** and **Vecchio v. Vecchio, 131 Oh St 59.** It is pointed out that the case of **Elliot v. Harding, 107 Oh St 501,** was decided prior to the enactment of the guest statute.

We have read the brief of appellee and have re-read our former decision in this matter, as well as the cases especially cited by counsel. We do not see that any new matter has been presented and we do not feel that the motion for rehearing will avail any good purpose.

Motion overruled.

BARNES, P. J., HORNBECK and GEIGER, JJ., concur.