Matthias, J.
 

 The single question presented to this= • court is whether the third amended petition of the-plaintiff states a cause of action against the defendant. The essential allegations of the petition are as; follows:
 

 “On the thirteenth day of July, 1945, at about 3:00 o’clock in the morning and in the happening of the-wrongs and grievances hereinafter complained of, the-defendant, Arthur S. Bell, owned a 1935 1½ ton truck,, which he had in use, the same being operated on Route 50 Alternate about 1.6 miles west of Newport in Washington county, Ohio, by Richard L. Hill, in whose hands, defendant had placed said truck and intrusted its operation.
 

 “At the time and place- aforesaid, the plaintiff, Harold J. Cunningham was being transported in said truck without payment therefor as an invitee of the said Richard L. Hill.
 

 “The defendant, Arthur S. Bell, was guilty of negligence in the particulars following:
 

 “The defendant, Arthur S. Bell, unlawfully employed and permitted Richard L. Hill, aged 15 years, to drive said truck, contrary to the provisions of Ohio-General Code Section 13002.
 

 
 *105
 
 “The defendant, Arthur S. Bell, unlawfully employed the said Richard L. Hill, aged 15 years for a period of more than eight hours on Thursday, July 12, 1945, and up to the time of the accident at three -o’clock in the morning of Friday, July 13, 1945, and before seven o’clock in the morning and after six o’clock in the evening, contrary to Section 6 of House Bill No. 257.
 

 “The defendant, Arthur S. Bell, overworked his ■employee, Richard L. Hill, driver of his truck, and ■caused him to be on the job such long hours that he became exhausted and unable to drive and operate longer said truck.
 

 “The said Richard L. Hill was on the date aforesaid, .an incompetent driver of said truck, by reason of his youthful age and inexperience and being overworked -and his lack of sound judgment, discretion and skill, and the said Arthur S. Bell knew, or by the exercise ■of reasonable care should have known, that the said Richard L. Hill, was an incompetent driver of said truck, and, the said Arthur S. Bell then and there negligently, unlawfully, and carelessly intrusted his said truck, known to be dangerous when operated by ■one unskilled in its use, to said Richard L. Hill, an incompetent driver, as aforesaid.
 

 ‘
 
 ‘
 
 The said Richard L. Hill, driver, negligently dozed -and fell asleep, and the truck left the highway and ■collided with a culvert at the side of the road. In the collision and as a further result of the negligence aforesaid of the defendant, Arthur S. Bell and the said Richard L. Hill, driver, the said Harold J. Cunningham, plaintiff, sustained personal injuries of a broken left leg and internal bruises. His right hip was hurt .and he was severely shocked.
 

 “All of the foregoing were to the damages of the plaintiff in the amount of five thousand dollars ■($5,000).”
 

 
 *106
 
 The averments of the third amended petition are, in effect, that the plaintiff was being transported in the truck of the defendant' without payment therefor, and as an invitee only of the driver of the truck. There is no allegation that the defendant either consented to, or had any knowledge of, such transportation of the plaintiff, or that such transportation was in any wise for the defendant’s benefit or advantage,, or that either the defendant or the driver of the truck was guilty of any wilful or wanton misconduct.
 

 The question of the liability of the owner of a motor vehicle, for damages resulting from injuries suffered by one riding therein as the guest of the driver of the truck who was the employee of the owner of the vehicle, was before this court in the case of
 
 Onion Gas & Electric Co. v. Crouch, a Minor,
 
 123 Ohio St., 81, 174 N. E., 6, 74 A. L. R., 160. It was there held as-stated in the syllabus:
 

 “1. The owner of an automobile being driven by a servant in the business of the owner within the scope of the servant’s employment is not liable for damages to a guest of the servant for injuries caused to such guest by the negligence of the servant while riding in the automobile without the knowledge and consent of the owner, it not appearing that such guest is at the time rendering necessary assistance to the servant within the scope of his employment.
 

 “2.
 
 Where the owner of an automobile entrusts the same to a servant in the course of the business of the owner, without authority to carry passengers, a guest of the servant riding in the automobile is neither an invitee nor a licensee of the owner, but on the contrary is a trespasser to whom no duty is owing by the owner, except not to wilfully injure him.
 
 (Higbee Co.
 
 v.
 
 Jackson,
 
 101 Ohio St., 75, 128 N. E., 61, 14 A. L. R., 131, propositions 1 and 2 of the syllabus, overruled.) ”
 

 Under the rule thus established, the plaintiff in this
 
 *107
 
 action, as to the owner of the truck, was a trespasser for whose injury the owner would be liable only in the event of his wilful or wanton misconduct. There is here no averment of facts constituting wilful or wanton misconduct on the part of either the driver or the owner.
 

 The decision in the
 
 Crouch case, supra,
 
 would seem to be dispositive of this case. However, the plaintiff contends that the so-called “Guest Statute” has in no wise modified the rule of liability for negligent entrustment of a motor vehicle to an incompetent driver. With that proposition we are in accord.
 

 The basis of the plaintiff’s claim is the defendant’s negligent entrustment of his truck to an incompetent ■driver, and that, therefore, the plaintiff’s injury resulted from the combined negligence of the owner and driver; the negligence of the owner in entrusting the truck to an incompetent driver and the negligence of the driver in the manner of its operation.
 

 The rule is well settled in this state that the negligent entrustment of an automobile to an incompetent driver may impose upon the owner liability for the driver’s negligent operation of such automobile.
 
 Elliott
 
 v.
 
 Harding,
 
 107 Ohio St., 501, 140 N. E., 338, 36 A. L. R., 1128;
 
 Wery
 
 v.
 
 Seff,
 
 136 Ohio St., 307, 25 N. E. (2d), 692 and
 
 Williamson
 
 v.
 
 Eclipse Motor Lines, Inc.,
 
 145 Ohio St., 467, 62 N. E. (2d), 339, 168 A. L. R., 1356.
 

 However, although under those authorities there may be recovery against the owner of the automobile, based upon his negligence in such improper entrustment, such rule of liability has never been extended to a situation where the person injured was a passenger in the motor vehicle upon the invitation of the driver and was transported by him withput payment therefor. Even if we assume the plaintiff was a guest of the defendant, he clearly would be barred from recovery unless the petition contáined averments showing facts on its face revealing the element of wilful
 
 *108
 
 ness or wantonness by the defendant and was supported by competent evidence.
 

 The provisions of Section 6308-6, General Code, are-applicable not only to the driver but also the owner of a motor vehicle. That section reads as follows:
 

 “The owner, operator or person responsible for the operation of a motor vehicle shall not be liable for loss or damage arising from injuries to or death of a guest while being transported without payment therefor in or upon said motor vehicle, resulting from the operation thereof, unless such injuries or death are caused by the wilful or wanton misconduct of such operator, owner or person responsible for the operation of said motor vehicle.” See
 
 Vecchio v. Vecchio,
 
 131 Ohio St., 59, 1 N. E. (2d), 624.
 

 It is clear, therefore, that any claim of the plaintiff that he was a guest of the defendant would defeat his recovery in the absence of averments in the petition showing wilfulness or wantoness. The entrustment of the motor vehicle to such incompetent person did not, in itself, constitute wilful or wanton misconduct. See
 
 Wery
 
 v.
 
 Seff,
 
 supra;
 
 Universal Concrete Pipe Co.
 
 v.
 
 Bassett,
 
 130 Ohio St., 567, 200 N. E., 843, 119 A. L. R., 646.
 

 It must be conceded that under the facts of this case the provisions of the “Guest Statute” would prevent a recovery against- the driver. It would seem a strange doctrine that would permit a recovery against the owner where as to him the plaintiff held the position of trespasser.
 

 It follows that the judgment of the Court of Appeals, affirming the judgment of the Court of Common. Pleas, should be, and hereby is, affirmed.
 

 Judgment affirmed.
 

 Weygandt, C. J., Turner, Hart, Zimmerman,. Sohngen and Stewart, JJ., concur.