O’Neill, J.
This action is based upon the theory of negligent entrustment of a motor vehicle. The theory set forth is that the negligence of the defendant in entrusting the vehicle to the driver was a proximate cause of the death of the decedent, and that the defendant’s liability for her negligent entrustment arose from the negligent operation of the vehicle by the driver to whom defendant entrusted the vehicle, resulting in the death of the decedent who was a passenger in the vehicle as a guest of the driver.
The defendant was not a passenger in the vehicle at the time of the accident.
The plaintiff relies upon the case of Williams, an Infant, v. Husted, 39 Ohio Law Abs., 589, 54 N. E. (2d), 165.
The defense asserted to this action is based upon Section 4515.02, Revised Code, known as the guest statute. The defendant relies upon the ease of Cunningham, a Minor, v. Bell, 149 Ohio St., 103, 77 N. E. (2d), 918.
The question presented in this case is whether Section 4515.02, Revised Code, provides a defense to a wrongful death action against an automobile owner for the negligent entrustmont of his automobile to an incompetent driver where the decedent was a nonpaying guest passenger and invitee of the driver, and where wilful or wanton misconduct is not alleged.
There are 21 states which do not have guest statutes. There are five states, in addition to Ohio, which have guest statutes using the language of the Ohio statute that “the owner, operator or person responsible for the operation of a motor vehicle shall not be liable for loss or damage arising from injuries to or death of a guest.” Eighteen states extend protection to the “ owner or operator” of a motor vehicle against liability for damages, injury or loss to or death of guests.
California and Illinois have similar guest statutes, but the persons to whom the protection of the guest statutes is afforded are described in different language.
An examination of the guest statutes in all the jurisdictions *523 which have adopted such statutes reveals that in no such jurisdiction is the owner of a motor vehicle, who entrusted such motor vehicle to an incompetent person, held liable for injury, death or loss suffered by a guest of the driver, in the absence of an allegation and proof of wilful or wanton misconduct by the owner which resulted in the injury or loss to or death of the passenger. The entrustment of the motor vehicle to such incompetent person does not, in itself, constitute wilful or wanton misconduct.
The reason for this rule was succinctly stated, as follows, by Justice Griffin in Benton v. Sloss (Cal. App.), 234 P. (2d), 749:
“It would defeat the purpose of the guest law to hold that merely because an owner, was not driving the car at the time, he would be liable for ordinary negligence to a guest, when if he were driving, he would not be liable to the guest for such ordinary negligence.”
Judge Matthias, in his opinion in Cunningham v. Bell, supra, at page 107, said:
“The rule is well settled in this state that the negligent entrustment of an automobile to an incompetent driver may impose upon the owner liability for the driver’s negligent operation of such automobile. Elliott v. Harding, 107 Ohio St., 501, 140 N. E., 338, 36 A. L. R., 1128; Wery v. Seff, 136 Ohio St., 307, 25 N. E. (2d), 692; and Williamson v. Eclipse Motor Lines, Inc., 145 Ohio St., 467, 62 N. E. (2d), 339, 168 A. L. R., 1356.
“However, although under those authorities there may be recovery against the owner of the automobile, based upon his negligence in such improper entrustment, such rule of liability has never been extended to a situation where the person injured was a passenger in the motor vehicle upon the invitation of the driver and was transported by him without payment therefor. Even if we assume the plaintiff was a guest of the defendant, he clearly would be barred from recovery unless the petition contained averments showing facts on its face revealing the element of wilfulness or wantonness by the defendant and was supported by competent evidence.
“The provisions of Section 6308-6, General Code [now Section 4515.02, Revised Code], are applicable not only to the *524 driver but also the owner of a motor vehicle. That section reads as follows:
“ ‘The owner, operator or person responsible for the operation of a motor vehicle shall not be liable for loss or damage arising from injuries to or death of a guest while being transported without payment therefor in or upon said motor vehicle, resulting from the operation thereof, unless such injuries or death are caused by the wilful or wanton misconduct of such operator, owner or person responsible for the operation of said motor vehicle.’ See Vecchio v. Vecchio, 131 Ohio St., 59, 1 N. E. (2d), 624.
“It is clear, therefore, that any claim of the plaintiff that he was a guest of the defendant would defeat his recovery in the absence of averments in the petition showing wilfulness or wantonness. The entrustment of the motor vehicle to such incompetent person did not, in itself, constitute wilful or wanton misconduct. See Wery v. Seff, supra; Universal Concrete Pipe Co. v. Bassett, 130 Ohio St., 567, 200 N. E., 843, 119 A. L. R., 646.
“It must be conceded that under the facts of this case the provisions of the ‘guest statute’ would prevent a recovery against the driver. It would seem a strange doctrine that would permit a recovery against the owner where as to him the plaintiff held the position of trespasser.”
Williams v. Husted, supra, relied upon by plaintiff, is contra to the Cunningham case. It can not be distinguished on the basis that it involved a bailment relationship rather than an employer-employee relationship, because the judgment in the Cunningham case was not grounded upon and did not depend upon an employer-employee relationship.
The majority of this court approves and follows the decision in the Cunningham case.
It follows that the judgment of the Court of Appeals reversing the judgment of the Court of Common Pleas should be, and it hereby is, reversed, and the judgment of the Court of Common Pleas is affirmed.

Judgment reversed.

Weygandt, C. J., Zimmerman and Taft, JJ., concur.
Matthias and Herbert, JJ., concur in paragraph one of the *525 syllabus and in the judgment but dissent from paragraph two of the syllabus.