GEORGE W. HARDWICK, JR., a minor, by Leona Bartz, his mother and next friend, appellant, v. DARRELL A. BUBLITZ et al., appellees.

No. 50399.

OCTOBER 17, 1961.

Floyd Ensign, of Northwood, and Westfall, Laird & Burington, of Mason City, for appellant.

Pappas & Senneff, of Mason City, for appellees.

LARSON, J.—The defendant owner of a certain automobile permitted his brother Dean, age 14, its use on November 10, 1958. The plaintiff was one of the passengers in the car Dean was driving when it went out of control, wrecked, and caused him serious injury.

Division II of plaintiff's petition sought recovery against the owner, Darrell A. Bublitz, upon the theory that he permitted a person not authorized under the law to drive his car in violation of section 321.220, Code of Iowa, 1958, and that the accident happened as a result of that violation by the owner and the negligence of the driver, Dean Bublitz.

Division IV of his petition seeks to hold the owner liable under common law for entrusting the operation of his automobile to an inexperienced or incompetent driver, alleging that negligence of the owner was a proximate cause of the accident.

 The trial court held, in substance, that the owner was entitled to the protection of the guest statute and therefore the allegations of negligence on behalf of the driver did not state a cause of action in either count, and dismissed them. The sole error relied upon for reversal is the court's sustaining of the owner's motion to dismiss Counts II and IV, and comes to us under leave to appeal under rule 332, Rules of Civil Procedure. We find no error.

I. Plaintiff, in his Brief Point I, contends any violation of section 321.220, being negligence per se, and any entrustment of a motor vehicle by the owner to an incompetent or inexperienced driver in violation of a common-law duty, imposes liability upon the owner for injuries sustained by any person resulting from the negligent operation of the vehicle by the unqualified, inexperienced or incompetent driver.

We considered this general proposition in the case of Krausnick v. Haegg Roofing Co., 236 Iowa 985, 988, 20 N.W.2d 432, 434, 163 A. L. R. 1413. There the plaintiff alleged, as a ground of negligence, that the defendant company permitted its employee to drive its truck when it knew that he was in the habit of becoming intoxicated, and on that occasion knew he had been drinking and was not competent to drive. We classified the negligence under those conditions as common-law negligence and not under the usual theory of master and servant, nor under the statute (section 321.219) making the owner of the truck liable for its negligent operation. We said in cases of that kind that liability rests "upon the combined negligence of the owner and the driver, the owner's negligence consisting in the act of loaning the car to an incompetent driver and the latter's negligence in its operation. Lufty v. Lockhart, supra [37 Ariz. 488, 295 P. 975]; * * * it seems to be well established as a common-law proposition and we must hold it is in effect here *unless it has been abrogated by statute.*" (Emphasis supplied.) Defendant

herein contends it has been abrogated by the provisions of the guest statute, section 321.494, Code of Iowa, 1958.

Defendant concedes, as he must, that if the guest statute does not apply, the negligence of the owner Darrell herein would probably become a jury question and the dismissal of Counts II and IV would have been erroneous. Here he challenges the relevancy of authorities that do not involve guests, as defined in that statute. He contends, when owner negligence occurs, the Iowa guest statute provides very clearly and specifically that the *owner* as well as the *operator* of a motor vehicle *shall not be liable to the guest* unless the damages were caused as a result of driver intoxication or his reckless operation of the automobile.

Section 321.494, Code of 1958, the so-called "guest statute", provides as follows: "The owner or operator of a motor vehicle shall not be liable for any damages to any passenger or person riding in said motor vehicle as a guest or by invitation and not for hire unless damage is caused as a result of the driver of said motor vehicle being under the influence of intoxicating liquor or because of the reckless operation by him of such motor vehicle."

As we understand plaintiff, he concedes the guest statute *protects* the owner and the operator, but maintains it *protects only* for negligence arising out of the *operation* of the motor vehicle, not for negligence of an owner in entrusting his vehicle to one unlicensed or incompetent to drive the car. Were it not for the rather clear and all-inclusive language used in that statute, we could almost agree with appellant's contention, for it has considerable logic and might well be the object of such legislation. However, there is nothing in our guest statute that even hints at such an exception to complete protection for the owner or operator. The courts cannot decide how far such protection should be extended. That is a legislative function. True, the liability imposed therein is predicated upon the driver's operation, but like responsibility is placed on both owner and operator. There is merit in defendant's contention that the *protection* afforded by that statute, like the liability imposed by it, is inclusive; that regardless of how liability is said to have arisen, the *owner or operator* of a motor vehicle is relieved of

that liability to a guest *unless* the damages were caused as a result of driver intoxication or recklessness. This "unless" clause appears to be the only exception, and it clearly relates to the liability of the parties, not only to the driver. Being so spelled out in the statute, it would indeed seem to be reading something into the statute that is not there to hold that the owner or operator shall *only* receive protection in guest cases from operational negligence. We are satisfied that if such had been the legislative intent, it could easily have so said, and if that is its desire it can do so in the future.

II. The problem then appears to be as to the proper interpretation and application of the so-called guest statute, section 321.494, Code of Iowa, 1958, as it relates to the protection of the individual or individuals thereunder. Our most recent recognition of the protection afforded an owner under that statute was Murray v. Lang, 252 Iowa 260, 269, 106 N.W.2d 643, 648, where we said:

"The rider, be he owner or a total stranger, has the burden of removing himself therefrom [the provisions of the guest statute] if he is to recover for negligent operation alone", and holding both the owner and the operator were "one of the protected parties under the statute."

Thus while it is true that the specific question raised in this appeal has not previously been before us, we have frequently considered this section of our Code. However, the issues then involved were as to the definition of a guest, recklessness, or as to the application of those definitions to the myriad statements of fact presented. The exact issue raised by plaintiff's petition and defendant's motion to strike has never been considered or passed upon by us, although such questions appear to have been occasionally raised in other jurisdictions. We shall refer to them later. We first recognize several general rules of construction applicable here.

The cardinal rule so universally acknowledged that it needs no citation is that if a statute is susceptible to more than one reasonable interpretation or application, then the court will be constrained to give to it the interpretation or application which will lead to a logical rather than an illogical result. It

is the application of that rule which has led almost all jurisdictions having similar statutes to the result we adopt here. Another rule which needs no citation of authority is that where the words of the statute make clear its meaning, there is no cause for judicial construction, and a third rule is that unless statutes are in direct conflict they will be read together and, if at all possible, harmonized.

The *purpose* of our guest statute, we have previously said, was *"to protect* automobile *drivers and owners* from claims made by persons who were riding in the motor vehicle as a guest, or by invitation and not for hire, *except * * *."* (Emphasis supplied.) Sullivan v. Harris, 224 Iowa 345, 358, 276 N.W. 88, 94. It is interesting to note, we also said in the Sullivan case, that the guest statute "should be liberally construed to effectuate this purpose, and not construed as the rule would be without section 64 [now section 4.2]." That section, of course, provides, regardless of the rule that statutes in derogation of the common law shall be strictly construed, that the provisions in our Code shall be construed liberally with a view of providing its objects. Thus it seems we have already taken the position that the underlying purpose of the legislation in section 321.494, which appeared in its present form first in the Code of 1931 as section 5026.b1, was to place a safeguard against the prevalent claims for damages by guests or mere invitees "around the owner and operator of the car." Knutson v. Lurie, 217 Iowa 192, 195, 251 N.W. 147, 149. It was pointed out in the Knutson case that although in the transportation of the guest or the mere invitee, no fare of any kind was asked by the owner or operator, yet the guest and invitee, without gratitude frequently commenced suit on every conceivable charge of negligence. It has also been said that such legislation was to protect the owner and driver from claims of hitchhikers or others invited to ride as a courtesy who then make large claims based on minor acts of negligence against the Good Samaritan, that since insurance has become almost compulsory, it is to prevent collusion suits by friends and relatives resulting in excessively high insurance rates, and that it was desirable to cut down litigation arising from the commendable unselfish practice of sharing with others

transportation in one's vehicle. Regardless of the legislative objects, good or bad, the so-called guest statutes appear in nearly all State Codes today, and the battle over the wisdom of the purpose, or lack of it, goes on in the courts. It has now become a struggle in the administration of the law of torts between those forces which would enlarge and those which would restrict the field of liability, between those which advocate the assumption of risk by persons wishing to make general use of machines of this age, and those advocating absolute owner liability for any damages caused by his machine. An interesting article on this trend is found in Drake Law Review, Volume 4, No. 2, page 98.

Generally the legal effect of such a guest statute is held to reduce the duty owed by the owner and driver of a vehicle to a guest and allow liability only for damages caused by gross negligence, recklessness or intoxicated operation by the driver of the vehicle. Ortman v. Smith (S. D., U. S. C. A. 8 Cir.), 198 F.2d 123, and cases cited. The general statement by courts of other jurisdiction is that "The primary policy underlying these statutes is to *prevent* recovery for ordinary negligence by a guest in an automobile who has accepted the hospitality of the owner or driver." (Emphasis supplied.) Benton v. Sloss, Cal. App., 234 P.2d 749, 753, and authorities cited. We are in accord with all these announcements of purpose.

III. We think under the clear and specific language of section 321.494 of the Iowa Code that the degree of care necessary by the owner or driver toward a guest riding in an owner's automobile and driven by one entrusted with its use was reduced, and a showing of ordinary or common-law negligence would not be sufficient to incur liability to the guest. Obviously a new duty is substituted for the existing one established by common law or by statute and now requires both the owner and the driver to see that the guest-carrying vehicle is not operated recklessly or while the driver is under the influence of intoxicating liquor. The matter of degree of care, of course, is not a new concept in the law. It is recognized in the common law. For instance, a gratuitous bailor assumes no responsibility as one for hire. See Dickason v. Dickason, 84 Mont. 52, 274 P.

145. Of course that degree of care may be altered by the legislature as was done here.

However, plaintiff contends vigorously that such duty reduced by the guest statute was not intended to go beyond the standard of care to be exercised in the operation of the automobile, and does not cover the common-law duty of an owner not to entrust his automobile to an unlicensed, inexperienced, incompetent, reckless or intoxicated person, knowing him to be such. For authorities he relies principally upon our decision in the case of Krausnick v. Haegg Roofing Co., supra, and Bisoni v. Carlson, 171 Kan. 631, 237 P.2d 404. Other authorities cited include Williams v. Husted (Ohio Court of Appeals), 54 N.E.2d 165, and the Cyclopedia of Automobile Law and Practice, Blashfield 5, Permanent Edition, sections 2924 and 2925. Each deserves careful consideration.

Plaintiff argues the Krausnick case holds the owner and the operator may be guilty of separate negligent acts, separate breaches of duty, which combined cause liability, and that the guest statute refers to but one duty and one breach which caused both parties liability for or relieves them therefrom. The distinction escapes us, but the fact that the Krausnick case did not involve a guest injury does not. As we have attempted to show, there is no liability by the owner or operator by virtue of the guest statute unless the duty prescribed in that statute is breached.

In plaintiff's effort to escape the protection for both owner and operator under the words of our guest statute, he cites and relies upon the Kansas case of Bisoni v. Carlson, supra, 171 Kan. 631, 634, 635, 237 P.2d 404, 406, 407, which would seem to partially support his contention. There the Supreme Court held that the automobile guest statute does not conflict with a statute similar to our section 321.220, providing that every owner of a motor vehicle causing or knowingly permitting a minor under the age of 16 years to drive such vehicle on the highway shall be jointly and severally liable with such minor for any damages caused by the negligence of the minor while driving the vehicle. While it must be admitted the language of the Kansas guest statute lends itself to the construction placed

upon it by that high court, yet we agree with the trial court herein that the construction given it appears unusual, strained and unconvincing. At least no other court seems to have followed it. In order to narrow the protection afforded by the guest statute to the element of transportation, the Kansas court had this to say:

"Counsel * * * contend that the only 'owner' mentioned in this statute is the one who *is transporting* a person who claims damages. That conclusion seems to be justified by the language of the statute, as seems clear by omitting the words we have italicized, *'or operator'*, in the two places where they occur. In this interpretation the statutes are not conflicting."

The Kansas guest statute (G. S. 1949, 8-122b) provided " 'That no person who is transported by the owner *or operator* of a motor vehicle, as his guest, without payment for such transportation, shall have a cause of action for damages against such owner *or operator* for injury, death or damage, unless such injury, death or damage shall have resulted from the gross and wanton negligence of the operator [owner-operator] of such motor vehicle.' " (Italics by the Kansas Supreme Court.)

In this connection we observe that few guest statutes are worded exactly alike, that the Supreme Court of each state is the final authority upon its meaning, and that generally few decisions from other jurisdictions are helpful on questions involving interpretation. While the Kansas statute lent itself to such a conclusion by eliminating the words "or operator" and inferentially adding the word "owner-operator" as indicated above, we could not do likewise with our statute. In commenting on that situation the learned trial court said:

"It is interesting to note that the court arrives at its conclusion that the guest statute has no application by omitting the words 'or operator' and then reading the statute including only the word 'owner' and, giving emphasis to the words 'is transporting', concludes that the language gives itself to an interpretation that would exclude an owner who was not transporting the guest." It then points out this amounts to adding to the statute the term *"owner-operator"* in place of "owner", which is an unusual practice to say the least, and makes the

interpretation "vulnerable to the light of reason * * * of making the owner liable if he is not driving, but exempting him from liability if he is the driver."

Such logic also escapes us. If we attempted to apply the Kansas reasoning to the Iowa statute, it would require us to read our statute as follows: The owner of a motor vehicle shall not be liable for any damages to any person riding as a guest unless such damage is caused by the recklessness of the driver.

In the Iowa statute the idea of transportation which the Kansas Court found it necessary to implant into its interpretation of the word "owner" (owner-operator) is to be found in the "exception" clause of the Iowa statute by the use of the word "driver". Hence the reasoning of the Kansas Court would not seem to apply to the Iowa statute. If interpreted by the maneuver of the Kansas Court, dropping the word "operator" would, through the use of the word "driver" in the exception clause, still carry out the concept of transportation and the statute thus read would reasonably and properly apply to an owner who under the entrustment doctrine permits his motor vehicle to be operated by an incompetent driver. We cannot reasonably hold that the use of the words "owner or operator" meant *owner-operator,* but must hold they in fact contemplated and intended *to protect both the owner and the operator from all liability due to ordinary negligence of either* and to hold both liable to the guest for damages suffered, when it is alleged and proven that the operator drove recklessly or while under the influence of intoxicating liquor. We cannot reduce the protection to include only an owner-operator without doing violence to the clear expression of the statute, and especially when to do so would result in the analogous situation heretofore mentioned. Obviously such a conclusion would not square with the intention expressed by our statute, nor with the reasonable and logical purpose that we have announced was the legislative intendment. Sullivan v. Harris, supra, 224 Iowa 345, 276 N.W. 88, and cases cited; In re Estate of Van Vechten, 218 Iowa 229, 251 N.W. 729; White v. Center, 218 Iowa 1027, 1037, 254 N.W. 90, and cases cited. We conclude that if the legislature had intended the provisions of section 321.494 to apply only to re-

lieve the owner from specific negligence, i.e., operational negligence, it must say so.

IV. Plaintiff further contends under his construction of the guest statute that there would be no conflict between its provisions and section 321.220 and no derogation from statutory or common-law rights; that the rule is well established that a statute will not be construed as taking away a common-law right unless that result be imperatively required, citing Harvey v. Prall, 250 Iowa 1111, 97 N.W.2d 306; Bradshaw v. Iowa Methodist Hospital, 251 Iowa 375, 101 N.W.2d 167; and American District Telegraph Co. v. Kittleson, 8 Cir., 179 F.2d 946. We find no fault with this rule or the statement that no statute is to be construed as altering the common law, further than its words import. Barber Asphalt Paving Co. v. Austin, 8 Cir., 186 F. 443, 446, quoting Shaw v. Railroad Co., 101 U. S. 557, 25 L. Ed. 892. And see Lincoln Nat. Life Ins. Co. v. Hammer, 8 Cir., 41 F.2d 12, 18; Badger Dome Oil Co. v. Hallam, 8 Cir., 99 F.2d 293, 298; Scharfeld v. Richardson, 76 U. S. App. D. C. 378, 133 F.2d 340, 341, 342, 145 A. L. R. 980; Kinyon v. Chicago & N. W. R. Co., 118 Iowa 349, 92 N.W. 40, 43, 96 Am. St. Rep. 382. We must conclude, as did the trial court, that as to any liability for negligence to a guest, the Iowa guest statute does clearly derogate from and take away some common-law rights which existed at the time of the enactment of what is now section 321.494 of the 1958 Code. The classification made, we think, is supported by substantial and compelling reasons of public policy, and was within the legislature's authority.

The apparent conflict between the extension of the common-law rights by section 321.220 and section 321.494 can easily be resolved. Both may stand, for only as to the specific feature of liability of an owner or operator of a vehicle to a limited class of persons, guests, is the general statute as to liability affected. It is, of course, the general rule that in such cases the two statutes are read together and harmonized, and in the event of repugnancy the special statute prevails. Crawford, Statutory Construction, section 230; McHugh v. Brown, 50 Del. (11 Terry) 154, 125 A.2d 583.

V. While most of the authorities cited by both parties

have distinguishing features, the conclusion we adopt has been clearly recognized in them all. With due consideration for pointed-out distinctions, it may be helpful to now refer to the decisions of other states which appear to support defendant's position. Regardless of the different words used in the many guest statutes, with the exception of Kansas, heretofore mentioned, all seemed to hold that the intention and effect of the state's guest statute was to relieve the owner and operator of a motor vehicle not liable for damages to a guest unless the operation of the vehicle was reckless or amounted to gross negligence. All but Kansas have rejected the theory that such statutes protect the owner for operational negligence only.

In considering the argument urged herein, the Michigan Supreme Court in Naudzius v. Lahr, 253 Mich. 216, 230, 234 N.W. 581, 585, 74 A. L. R. 1189, a similar entrustment case involving the constitutionality of the guest statute, quite early decided: "The statute is specific in eliminating ordinary negligence as a basis of liability and requiring the actionable gross negligence or wilful or wanton misconduct to be a proximate cause of the accident." It held that, while the petition charged gross negligence against the owner in allowing his inexperienced, unskilled and incompetent brother, 17 years old, to drive his automobile, it did not charge the brother with more than ordinary negligence, and thus under the guest statute did not charge an actionable offense against either.

The appellate court in California in Benton v. Sloss, supra, 234 P.2d 749, 753, rejected the contention of negligent entrustment urged to circumvent their guest statute, and said: "It would defeat the purpose of the guest law to hold that merely because an owner was not driving the car at the time, he would be liable for ordinary negligence to a guest, when if he were driving, he would not be liable to the guest for such ordinary negligence." The court there held that knowingly placing a car in the hands of an incompetent operator amounts to ordinary negligence as distinguished from willful misconduct, and the allegations of such entrustment were insufficient in view of the California guest statute.

The case of McHugh v. Brown, supra, 50 Del. (11 Terry)

154, 125 A.2d 583, provides an interesting situation in the light of plaintiff's contentions before us. There, as here, in addition to common-law obligations, the statutes specifically provided any negligence of a minor under 18 years of age shall be imputed to a person who signed his application for a license, and every owner who permits such a minor to drive his vehicle shall be jointly and severally liable with the minor for any damages caused by the minor in driving the vehicle. There the Supreme Court held that as to a guest, under their guest statute, liability for negligence of the owner and operator was *barred* in spite of the statute's giving a damaged person a cause of action in such cases. Thus the protection afforded under the guest statute did not permit a recovery for ordinary negligence under common law or per se.

In Ohio three cases appear to have considered this question. In the first, Williams v. Husted, supra, 54 N.E.2d 165, decided by the Court of Appeals, the alleged wrongful entrustment of a vehicle to an incompetent driver was held to be outside the protection of the guest statute, for that negligence amounted to converting the vehicle into a *dangerous instrumentality,* a conclusion not applicable in Iowa, which in turn caused injury to the plaintiff. The question was again considered in the case of Cunningham v. Bell, 149 Ohio St. 103, 107, 108, 77 N.E.2d 918, 920, and the court sustained a demurrer to a charge that the owner negligently entrusted his vehicle to a known incompetent driver in violation of a statute similar to section 321.220, Code of Iowa, 1958, resulting in negligent operation by the incompetent, and injury to the guest. The court there said, as we attempted to say in Division I, that "The rule is well settled in this state that the negligent entrustment of an automobile to an incompetent driver may impose upon the owner liability for the driver's negligent operation of such automobile. [Citations] However, although under those authorities there may be recovery against the owner of the automobile, based upon his negligence in such improper entrustment, such rule of liability has never been extended to a situation where the person injured was a passenger in the motor vehicle upon the invitation of the driver and was transported by him without payment therefor.

*Even if we assume the plaintiff was a guest of the defendant, he clearly would be barred from recovery unless the petition contained averments showing facts on its face revealing the element of wilfulness or wantonness by the defendant \* \* \*.* The provisions of section 6308-6, General Code [guest statute], are applicable not only to the driver but also the owner of a motor vehicle." (Emphasis supplied.) While the court seemed to classify the guest as a trespasser as far as the owner was concerned, we do not understand that was the ground for denying liability thereon. As a general rule, such a guest is of course not a trespasser in Iowa.

Any confusion caused by the two cases in Ohio was dissolved in the case of Tonti v. Paglia, 171 Ohio St. 520, 522, 523, 172 N.E.2d 618, 620. In that case the plaintiff, a guest in the vehicle, brought an action against the owner based upon a charge of negligent entrustment to a known incompetent driver. The defendant's demurrer was sustained, and when the Court of Appeals reversed, the defendant appealed to the State Supreme Court and it reversed the Court of Appeals and sustained the defendant's demurrer. In its opinion the court stated:

"The question presented in this case is whether Section 4515.02, Revised Code [guest statute], provides a defense to a wrongful death action against an automobile owner for the negligent entrustment of his automobile to an incompetent driver where the decedent was a nonpaying guest passenger and invitee of the driver, and where wilful or wanton misconduct is not alleged." In discussing the meaning and purpose of guest statutes, the court said: "Eighteen states extend *protection* to the 'owner or operator' [of which Iowa is one] of a motor vehicle against liability for damages, injury or loss to or death of guests. California and Illinois have similar guest statutes, but the persons to whom the *protection* of the guest statutes is afforded are described in different language." (Emphasis supplied.)

It then went on to state: "An examination of the guest statutes in all the jurisdictions which have adopted such statutes reveals that in no such jurisdiction is the owner of a motor

vehicle, who entrusted such motor vehicle to an incompetent person, held liable for injury * * * suffered by a guest of the driver, in the absence of an allegation and proof of wilful or wanton misconduct by the owner which resulted in the injury or loss to or death of the passenger. The entrustment of the motor vehicle to such incompetent person does not, in itself, constitute wilful or wanton misconduct."

The Federal District Court in Ortman v. Smith, supra, 198 F.2d 123, 126, also an entrustment case arising in South Dakota, considered the South Dakota guest statute which had been copied from the Michigan statute. The issue was the same as the issue before us, and the court held the statute applicable, stating its finding that "Other states have considered the problem and they uniformly hold, under statutes different in form in most instances, that an absent owner may avail himself of the guest statute." The case was well considered and it referred to most of the leading cases at that time.

In Koger v. Hollahan, 144 Fla. 779, 198 So. 685, 688, 131 A. L. R. 886, the Florida court reasoned the guest statute simply required one who was transported free by the operator to prove a higher degree of negligence than was necessary before the passage of the Act, and said if it were meant to relieve only the owner when injury resulted from the negligence of one to whom he had entrusted the car, there would hardly be any need to use the expression "owner or operator". The same reasoning must apply in the case at bar. If only the operator is to be relieved of ordinary negligence in a guest case, there would hardly be any need to have the expression "owner or operator" in the guest statute. We think it clearly meant to relieve both, and applies whether the negligence alleged is related to the actual operation or not.

Protection, rightly or wrongly granted these parties in guest cases by the legislature's clear directive, cannot be removed by fine distinctions as to how the owner may be found negligent, whether by negligent entrustment, negligent maintenance of the vehicle, imputed negligence, or by some other violation not involved in the actual use of the vehicle. In all cases where the guest is the injured party, liability is reduced and no recovery

against the owner or operator can be obtained under an allegation of mere negligence against either or both. We can give the statute no other meaning, nor subscribe to the legislature any other intent.

The action of the trial court in dismissing Counts II and IV must be affirmed.—Affirmed.

GARFIELD, C. J., and OLIVER, THOMPSON, PETERSON, and SNELL, JJ., concur.

HAYS and THORNTON, JJ., concur in result.

BLISS, J., not sitting.