CHARLES E. BRANDON, administrator of estate of Jeanne Ann Brandon, deceased, appellee, v. JOHN R. ROY, JR., et al., defendants (not appealing); IOWA CAR RENTAL, INC., et al., appellants.

MARY JO SCHEIB, appellee, v. JOHN R. ROY, JR., et al., defendants (not appealing); IOWA CAR RENTAL, INC., et al., appellants.

No. 52238.

JANUARY 10, 1967.

Shuttleworth & Ingersoll, of Cedar Rapids, for appellants.

John J. Shea and David D. Mitchell, both of Cedar Rapids, for appellee Charles E. Brandon.

Kenneth L. Moon, of Cedar Rapids, for appellee Mary Jo Scheib.

William W. Crissman, of Cedar Rapids, for defendant John R. Roy, Jr.

BECKER, J.—These are consolidated actions growing out of the same automobile accident. Each action contains two counts, or more properly, divisions. The first division of each petition is predicated on recklessness, and guest status of plaintiff is acknowledged. These divisions are not challenged here and are thus of no consequence to this appeal. John R. Roy, Jr., as driver, and Edwin Does, as lessee of the car in question, are named defendants as to Division I of each petition but not as to Division II. Those two defendants are therefore not parties to this appeal.

The corporate defendants Iowa Car Rental, Inc., The Hertz Corporation and Hertz System, Inc. are named defendants in each petition in both divisions. These defendants are challenging

only Division II of each petition, and will hereinafter be referred to as defendants. The basic question in each case is identical. The manner of pleading will require some additional comment later in this opinion.

Plaintiff Charles E. Brandon brings action as administrator for the wrongful death of Jeanne Ann Brandon. Mary Jo Scheib brings action for herself due to her own injuries. In Division II plaintiff Brandon alleges that all three defendants were actual owners of the automobile involved in the accident which resulted in Jeanne Brandon's death, defendants maintained and operated a car rental establishment under the firm name and style of Hertz Rent-A-Car, defendants leased a car to Edwin Does and while it was under such lease plaintiff's decedent was riding in it as a passenger, at the time the car was rented it had a broken headlight; that in knowingly permitting a car in such condition to be operated on the public highway, defendants were negligent; that thereafter the car so rented failed to stop at a T intersection stop sign at the north end of Highway No. 74, failed to make the turn at the intersection and struck an embankment and utility pole; that plaintiff's injuries were proximately caused by such negligence. From Division I we learn that it is plaintiff's contention that the car was leased to Edwin Does and was consent driven by John R. Roy Jr. at the time of the accident. These last allegations do not appear to be a part of Division II.

Defendants moved dismissal of Division II of each petition on the grounds that there is no allegation that plaintiffs were other than guests of the driver of the automobile and there is no allegation of recklessness or intoxication. The trial court overruled defendants' motions to dismiss. We granted this interlocutory appeal to decide the issue thus presented.

I. Section 321.493, Code, 1966, provides: "In all cases where damage is done by any motor vehicle by reason of negligence of the driver, and driven with the consent of the owner, the owner of the motor vehicle shall be liable for such damage. * * *."

Section 321.494 reads: "Guest statute. The owner or operator of a motor vehicle shall not be liable for any damages to any passenger or person riding in said motor vehicle as a

guest or by invitation and not for hire unless damage is caused as a result of the driver of said motor vehicle being under the influence of intoxicating liquor or because of the reckless operation by him of such motor vehicle."

In assessing the effect of section 321.494 on the fact situation here alleged, we must look to the relationship between the parties. In doing so we take the well pleaded allegations of the petition as true.

"The question of who is a 'guest' within the contemplation of a statute limiting the liability of the owner or operator of a motor vehicle for injury to a guest to injuries arising from the former's wanton misconduct or gross negligence, or the like, or within the meaning of a comparable common-law rule, depends largely upon the facts and circumstances of the particular case. The word 'guest' should be construed in the light of the legislative purpose, and should not be extended beyond the correction of the evils and attainment of the permissible social objects inducing its enactment." 8 Am. Jur.2d, Automobiles and Highway Traffic, section 475, page 40.

In Bodaken v. Logan, 254 Iowa 230, 233, 117 N.W.2d 470, we quoted 4 Blashfield, Cyclopedia of Automobile Law and Practice, Perm. Ed., section 2292:

"They (guest statutes) were designed to relieve the harshness of the common-law rule which requires the exercise of ordinary care even to a recipient of the driver's kindness and hospitality. In construing such statutes their terms are not always to be taken in their literal sense, and the court will consider not only the ordinarily accepted meaning of the words used, but also such interpretation as may have been applied to them under common-law or similar statutes. * * *."

In Powers v. Hatcher, 257 Iowa 833, 135 N.W.2d 114, we noted that the "purpose (of the guest statute) was to protect the 'Good Samaritan.'"

Defendants here are in the business of renting cars to the general public. As to the occupants of those cars the bailment is "for hire." Defendants are not within the "Good Samaritan" classification contemplated by the statute if, as alleged, they furnished the bailee a defective car. Such action was taken for a consideration and is not protected by section 321.494.

It should be noted that we are not asked to, and do not, determine the effect of that section as it applied to vicarious liability imposed by section 321.493 and growing out of the acts of the lessee driver or one driving with the lessee's consent.

Plaintiffs here acknowledge the applicability of the guest statute in connection with the claimed wrongful acts of the driver of the motor vehicle. This matter is covered in Division I of each plaintiff's petition. It is only in connection with the non-operational negligence of the non-driving owners, that predated the moment of letting the car, that plaintiffs contend that the guest statute is inapplicable to protect the lessor for hire.

Defendants are in the business of leasing cars to the general public for private use. In such situation the duty of the bailor is set forth in 8 Am. Jur.2d, Automobiles and Highway Traffic, section 663, page 216 as follows:

"One who rents or leases a motor vehicle to another must exercise that degree of care and skill in the selection of the vehicle he sends out which a prudent man, having regard to the circumstances or the occasion, would bestow upon such a matter. He is liable for injuries or damage resulting not only from those defects of which he knows, but also from those which he could have discovered in the exercise of reasonable care, which means that he has the duty to exercise reasonable care to see that the vehicle is reasonably safe for use, and to discover defects therein, even where he has no actual knowledge of the presence of a defect, or knowledge of facts which would indicate a defect. The liability of the bailor for breach of this duty extends not only to the bailee, or to one such as his employee, standing in his position, but to third persons as well. The bailor of a motor vehicle for hire is not liable, of course, to the bailee or others for injury resulting from any defective condition of the bailed vehicle of which the bailor was not aware or could not have discovered in the exercise of ordinary care."

See also 60 C. J. S., Motor Vehicles, section 430, pages 1055–1057; Annotation, 46 A. L. R.2d 404–455.

We have often said that a statute will be construed so as to avoid absurd results. Lamb v. Kroeger, 233 Iowa 730, 8 N.W.2d 405; Schuler v. Holmes, 242 Iowa 1303, 49 N.W.2d 818; France v. Benter, 256 Iowa 534, 128 N.W.2d 268.

■ The absurd result to be avoided here is simply this. The owners-lessors would be hosts even though theirs is a for hire-profit relationship. It is clear that defendants owe a duty of ordinary care to this lessee and to the general public to furnish a car in reasonably safe operating condition. We are asked to exempt defendants from a like duty as to passengers in the automobile, not because they are guests of defendants (who were paid for the use of the car) but because the passengers are guests of the operator. Such a result does not seem absurd if the injuries flow from the operator's acts. It does seem absurd where the injuries flow from lessor's failure to supply a reasonably safe car.

■ In seeking the true legislative intent we conclude that since the lease arrangement was for hire, the passengers cannot be gratuitous guests in relation to mechanical defects in the automobile that existed at the time the lease arrangement was made. Stated otherwise, while plaintiffs here might well be guests of the driver (in relation to the driver's negligence), defendants are not hosts of the plaintiffs in relation to their own negligence as owners and lessors. Therefore as to negligence of the owners in allegedly furnishing a defective vehicle for hire, the guest statute does not apply to the guests of the lessee.

II. Appellant relies heavily on our decision in Hardwick v. Bublitz, 253 Iowa 49, 111 N.W.2d 309. In that case plaintiff charged that defendant car owner permitted a person not authorized by statute to drive his car in violation of section 321.220, Code, 1966, and sought to hold defendant liable for negligence on that basis. Plaintiff was one of the passengers in the car the 14-year-old brother was driving. The trial court held that defendant was entitled to the protection of the guest statute and this court affirmed. In Hardwick there was no question but that both the driver and the passenger were gratuitous users of the automobile, one as operator, the other as passenger. Not so here.

This we take to be a vital distinction. The owners in Hardwick v. Bublitz, supra, were in fact gratuitous lenders that rationally fall within the orbit of section 321.494. We cannot say the same for defendants in this case. Nor did Hardwick involve a defective car.

We are cited no other case that holds a guest statute applicable to such owners-lessors as are defendants here. We do note Penton v. Favors, 262 Ala. 262, 78 So.2d 278, where a similar problem (defective brakes or steering mechanism on a car found to be gratuitously loaned) was faced. The Alabama court's reasoning at page 267 of 262 Ala., page 282 of 78 So.2d, as to the problem we face here is worth repeating.

"If an owner knows or should anticipate that the one to whom he lends or lets his car will use it on the streets and highways and carry others with him and thereby be subjected to the dangers incident to its defective condition he owes to those others the same duty of inspection that he owes to the bailee. Johnson v. Bullard, supra. The owner has no privity with such persons, and is not affected by the relationship existing between his bailee and them. They occupy the same relation to the bailor which the bailee occupies in respect to such duty if their presence should have been anticipated when the bailment was created. The guest of the bailee, if his presence was foreseeable, is by that circumstance clothed with the same protection, regardless of the relation between him and the bailee."

The Alabama court applied the above reasoning to a gratuitous bailor. We do not find it necessary here to go that far, but we do think the reasoning clearly applicable to a non-gratuitous bailor who is in the business of renting motor vehicles to the general public.

Defendants note that plaintiff Mary Jo Scheib does not allege that defendants Hertz Corporation or the Hertz System, Inc. are the owners of the car in question. They do allege that the two Hertz corporations were in the business of leasing cars with Iowa Car Rental, Inc. Defendants ask that their right to raise appropriate defenses based on such pleading be preserved. Defendants should have such right. The question raised here and allowed on interlocutory appeal presupposes ownership by the three defendants. In the event such ownership is not alleged or proved, the liability of the nonowning corporations, if any, must be predicated upon such common-law and statutory doctrines as are applicable. Such doctrines are, of course, open to whatever challenge defendants wish to pursue.

III. Plaintiff Brandon predicates one of his answering arguments on the supposition that Hardwick v. Bublitz, supra, is based on an unauthorized deletion by the Code editor of certain words of chapter 119, Acts of the Forty-second General Assembly, when it was transposed into our present section 321.494. The argument thus made concludes:

"It is apparent from reading Chapter 119 as passed by the 42nd General Assembly, together with Section 5026, Code of 1924, that the only application that could be given to the amendment to Chapter [Section] 5026 is that it applied to cases (1) where damage is done by the car, (2) driven by consent of the owner, (3) by negligence of the driver."

By virtue of the conclusion reached in Division I hereof we need not pass on such theory. We note that a somewhat similar argument was made in Stanbery v. Johnson, 218 Iowa 160, 162, 254 N.W. 303, 305, and was there rejected.—Affirmed.

All JUSTICES concur except STUART, J., who takes no part.