REED, Judge.
The question presented by this appeal is whether or not the owner of a motor vehicle is entitled to the protection of the Florida Guest Statute when he is charged with negligence in entrusting his vehicle to a third party whose operational negligence causes injury to the plaintiff.
On IS September 1969 the plaintiff filed a complaint against defendant Mary Jordan Fitzgerald and her insurance carrier alleging that on 9 March 1969 the plaintiff was a passenger in defendent’s automobile when it was so negligently driven by one Charles Alfred Tucker that it collided with another vehicle with resulting injuries to the plaintiff. The complaint alleges that the defendant Fitzgerald had negligently entrusted her vehicle to Tucker knowing him to be intoxicated and incapable of driving and because of this alleged negligence, the plaintiff was injured.
The defendants moved to dismiss the complaint on the ground that the plaintiff as a guest passenger under the provisions of F.S. Section 320.59, F.S.A.1969, could not recover from defendant as owner of the vehicle in which plaintiff was riding unless the accident was caused by the gross negligence of the owner or operator of the vehicle. Because gross negligence was not pled, the motion to dismiss was granted with twenty days leave to amend. When no such amendment was forthcoming, a final judgment consequent on the dismissal was rendered, and the present appeal was taken from the final judgment.
To the extent pertinent, the Florida Guest Statute, F.S. Section 320.59, F.S.A. 1969, provides:
“No person transported by the owner or operator of a motor vehicle as his guest or passenger, without payment for such transportation, shall have a cause of action for damages against such owner or operator for injury * * * in case of accident, unless such accident shall have been caused by the gross negligence or willful and wanton misconduct of the owner or operator of such motor vehicle, and unless such gross negligence or willful and wanton misconduct was the proximate cause of the injury, * * * for which the action is brought * * (Emphasis added.)
The language of the statute insulates the owner of a motor vehicle from liability to a guest passenger for injuries received by the latter in an accident while riding in the vehicle, unless the accident is caused by the gross negligence of the owner or operator of the vehicle. Koger v. Hollahan, 1940, 144 Fla. 779, 198 So. 685. The allegations of the complaint affirmatively indicate that the plaintiff was a guest passenger in the defendant’s vehicle at the time of the accident; therefore, the guest statute applies and requires an allegation that the accident was caused by the gross negligence of the owner or the operator. Because gross negligence was not alleged, the complaint failed to state a cause of action. The language of the statute is plain and unambiguous. With respect to such a statute, the function of the court is merely to apply the same as written to the facts before it. Wagner v. Botts, Fla.1956, 88 So.2d 611, 613. In our opinion the trial court properly did so. See Hardwick v. Bublitz, 1961, 253 Iowa 49, 111 N.W.2d 309 for a discussion of a similar statute in Iowa.
For the foregoing reasons, we conclude that the complaint failed to state a cause of action and that there was no error in dismissing the complaint and rendering a final judgment based upon the dismissal.
Affirmed.
CROSS, C. J., and MAGER, J., concur.